IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAJ BHARADWAJA,
      Plaintiff

v.                                          Civil Case No. L-11-456

AIG LIFE INSURANCE COMPANY,
      Defendants

o0o
**<u>MEMORANDUM</u>**

Now pending before the Court is the Motion of the Defendant, AIG Life Insurance Company ("AIG") to dismiss Count II of the Plaintiff's Complaint. Docket No. 10. The Motion is unopposed, and no hearing is necessary. <u>See</u> Local Rule 105.6 (D. Md. 2010). For the reasons stated herein, the Motion will be GRANTED.

**I.     BACKGROUND**

This case arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 <u>et</u> <u>seq</u>. ("ERISA"). The Plaintiff, Raj Bharadwaja, contends that he is entitled to certain long-term disability benefits under the terms of an Employee Welfare Benefit Plan (the "Plan") administered by AIG. Citing certain offset provisions in the Plan's terms, AIG denies Bharadwaja's eligibility for the full amount claimed.

Bharadwaja's Complaint consists of two counts. Count I seeks relief under 29 U.S.C. § 1132(a)(1)(B), which provides that "[a] civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights

1

under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."
Count II alleges a breach of AIG's fiduciary duty as the Plan administrator. The operative facts and legal arguments supporting both Counts are identical; Count II simply states an alternative theory of recovery by alleging that AIG is a fiduciary and that its fiduciary obligations include "[t]o pay the policy holder under the terms of the policy" and to "[u]se[] the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in it's [*sic*] capacity would have used in the determination of benefits owed." Compl. 6–7, Docket No. 1. AIG argues that such pleading in the alternative is not permissible under ERISA, and moves on this basis to dismiss Count II.

## II.   LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead plausible, not merely conceivable, facts in support of his claim. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965. The Court must, however, "assume the veracity [of well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement of relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

## III.  ANALYSIS

A plan participant or beneficiary may bring suit under three provisions, as relevant here, of ERISA's civil enforcement section. First, as noted above, § 1132(a)(1)(B) provides for the recovery of benefits due under the terms of a qualified plan. Second, a participant or beneficiary

may bring a claim under § 1132(a)(2), which provides for relief under § 1109 of ERISA. Section 1109, in turn, establishes liability for breach of fiduciary duty. Finally, a participant or beneficiary may bring suit under § 1132(a)(3), "to obtain other appropriate equitable relief."

There is no question as to the applicability of § 1132(a)(1)(B), or Bharadwaja's eligibility to bring suit thereunder. It is well established, however, that under § 1132(a)(2) relief is available only "for the plan itself"; a participant may not bring suit to redress an individual injury. See Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 144 (1985); see also Estate of John Cecil Spinner v. Anthem Health Plans, 388 F. App'x 275, 281 (4th Cir. 2010). Because any recovery for the allegedly improper denial of benefits would obviously go to Bharadwaja himself and not to the plan, he may not recover under § 1132(a)(2).

Nor may Bharadwaja sue for breach of fiduciary duty under § 1132(a)(3). "Individualized equitable relief under § 1132(a)(3) is normally appropriate only for injuries that do not find adequate redress in ERISA's other provisions." Korotynska v. Metro. Life Ins. Co., 474 F.3d 101, 102 (4th Cir. 2006). In this case, adequate recovery for any breach of the Plan's terms is available to Bharadwaja under § 1132(a)(1)(B).

This Court confronted a situation nearly identical to the one at bar in Berger v. Metropolitan Life Ins. Co., Civil No. AW-08-76, 2009 WL 2366290 (D. Md. July 28, 2009). In that case the Plaintiff, Susan Berger, brought suit against the plan administrator to challenge the retroactive termination of her long-term disability benefits. Berger, like Bharadwaja, asserted both that the administrator's decision to deny benefits was arbitrary and capricious and that it had breached its fiduciary duty, and accordingly filed suit under § 1132(a)(1)(B) and § 1132(a)(3). Relying on Korotynska, Judge Williams ruled that Berger could recover only on the first count. "Berger's claim is for denial of benefits, and ERISA provides a remedy for such a

claim elsewhere. Under such circumstances, a claim for breach of fiduciary duty under § 1132(a)(3) is not available." Id. at * 9.

As it did in Berger, § 1132(a)(1)(B) provides the appropriate remedy in this case. Bharadwaja cannot, at the same time, maintain an action for breach of fiduciary duty. Count II of his Complaint must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will, by separate Order of even date, GRANT Defendant's Partial Motion to Dismiss. Docket No. 10. A separate Scheduling Order follows.

Dated this 11th day of July, 2011

/s/
_____
Benson Everett Legg
United States District Judge